

# Missouri Court of Appeals

## Southern District

### In Division

STATE OF MISSOURI, )
)
        Respondent, )
) No. SD37484
    vs. )
) FILED: June 30, 2023
CURTIS JEROME WEBB, JR., )
)
        Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

#### Honorable Robert John Foulke, Judge

**<u>AFFIRMED</u>**

A jury found Curtis Webb ("Defendant") guilty of first-degree rape and first-degree statutory sodomy, *see* sections 566.030 and 566.060,[1] and he was sentenced to a 20-year term of imprisonment. Defendant appeals, asking this Court to review a claim of error that he concedes is unpreserved. We decline Defendant's invitation.

Generally, we do not review unpreserved claims of error. ***State v. Brandolese***, 601 S.W.3d 519, 525 (Mo. banc 2020). However, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.[2] Thus, "[p]lain error review is

---

[1] All statutory references are to RSMo 2016.
[2] All rule references are to Missouri Court Rules (2023).

discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." ***Brandolese***, 601 S.W.3d at 526 (internal quotation marks omitted). The defendant bears the burden of making the required showing necessary for plain error review. ***Id.***

Defendant's sole point concerns Mary Parker, a licensed professional counselor, and Dr. Jenny Copeland, a psychologist, who each treated the victim ("Victim") for Post-Traumatic Stress Disorder ("PTSD") and testified at Defendant's trial regarding such. Defendant claims "their testimony went beyond general testimony that [Victim]'s symptoms were consistent with those resulting from a traumatic sexual experience, constituted improper vouching for [Victim]'s credibility, and invaded the province of the jury . . . ."

As relevant to Defendant's claim:

> In cases involving the sexual abuse of a child, there are typically two types of expert testimony that give rise to a challenge: general and particularized. General testimony describes a "generalization" of behaviors and other characteristics commonly found in those who have been the victims of sexual abuse. Particularized testimony is that testimony concerning a specific victim's credibility as to whether they have been abused. The trial court has broad discretion in admitting general testimony, but when particularized testimony is offered, it must be rejected because it usurps the decision-making function of the jury and, therefore, is inadmissible.

***State v. Churchill***, 98 S.W.3d 536, 539 (Mo. banc 2003) (footnotes omitted).

Defendant's claim and supporting argument is ultimately built upon three cases that Defendant considers to be analogous to the instant case. However, two of these cases—***State v. Taylor***, 663 S.W.2d 235 (Mo. banc 1984), and ***State v. Foster***, 244 S.W.3d 800 (Mo.App. 2008)—are legally inapposite. Neither ***Taylor*** nor ***Foster*** involved a claim reviewed under the plain error standard and, therefore, we find that neither case is controlling here.

Only the remaining case, ***State v. Williams***, 858 S.W.2d 796 (Mo.App. 1993), involved an unpreserved claim reviewed for plain error. ***Id.*** at 798. In ***Williams***, an expert witness

2

testified: "very rarely do children lie [about sexual abuse]"; "[i]ncidents of lying among children is very low, less than three percent"; if a child is not asked leading questions, then a spontaneous statement as to who committed sexual abuse "declares who it was"; and that the "physical findings and the behavioral indicators can only support what the child says[.]" *Id.* at 800. The court observed that all of this testimony "went beyond admissible testimony concerning general, behavioral characteristics of sexually abused children." *Id.* at 801. The court specifically criticized the testimony for "[v]ouching too much for the victim's credibility, these statements supplied improper verisimilitude on the issue of whether the appellant was guilty" and for including "improper quantification of the probability of the complaining witness' credibility." *Id.* The court further noted that the State's case essentially relied on the victim's allegations to prove its case and, during closing argument, the State "repeated and emphasized the significance of the doctor's opinion on credibility." *Id.* Ultimately, the court held that "[s]ince the jury's verdict was the result of its impression of the witnesses' credibility, we hold that the doctor's opinion on the truthfulness of the victim manifestly prejudiced appellant by usurping the province of the jury." *Id.*

Here, Defendant takes issue with the testimony from Ms. Parker and Dr. Copeland for the reason "they testified that based on reporting from the [Victim], they diagnosed and treated her for [PTSD] caused by Defendant sexual [sic] assaulting and raping her." Defendant identifies various excerpts from the witnesses' testimony he finds objectionable. With regard to Ms. Parker, she was asked if, during treatment sessions for PTSD, Victim ever disclosed the person who sexually assaulted her. Ms. Parker testified that she did not "have any specifics" but recounted "[i]t was at [Victim's] employment" and Victim "[p]robably" referred to the assaulter as her "boss."

3

Defendant then suggests that "[e]ven more problematic than Ms. Parker's testimony was the testimony of psychologist Dr. Copeland." Specifically, Dr. Copeland testified it was her "professional opinion" that the triggering event for Victim's PTSD was the "sexual assault that she experienced." Defendant, however, elicited much of the other testimony from Dr. Copeland that he also cites as being objectionable. For example, during Defendant's cross-examination, Dr. Copeland testified: "Based on the symptoms that she's reported to me, they've been directly related to her sexual assault. The content of her flashbacks are related to the assault. The nightmares." Also, Dr. Copeland testified during cross-examination "the PTSD symptoms that [Victim] reports to me are very clear and tangible in terms of experiencing a flashback, for example, of hands on her body . . . ."

The State recognizes, and we agree, that the aforementioned testimony is distinguishable from the testimony at issue in **Williams**. The testimony is more akin to one of the State's cited cases, **State v. Wadlow**, 370 S.W.3d 315 (Mo.App. 2012). In **Wadlow**, also a sexual abuse case, the State asked an expert witness who treated the child victim, "[i]n this particular case was it very clear to you that [the victim] was talking about something that actually happened to her?" *Id.* at 321. The witness responded, "Yes." *Id.* During the same line of questioning, the State further asked the witness, "Ma'am, any doubt in your mind that this child was the victim of sexual abuse?" *Id.* The witness responded, "No." *Id.*

The defendant sought plain error review on appeal, arguing that the testimony "constituted an impermissible opinion of another witness' credibility, thereby usurping the function of the jury and causing [the defendant] prejudice by bolstering [the victim]'s credibility with an expert witness." *Id.* (internal quotation marks omitted). In our discussion, we cited authority standing for the principle that

4

[w]hile an expert witness should not be permitted to comment on the veracity of another witness, an expert is permitted to testify as to his or her opinion on an ultimate issue in a criminal case as long [sic] the opinion does not state that the defendant is guilty of the crime.

*Id.* at 322. We then observed that the expert witness' testimony "merely stated that it was her opinion that [the victim] had been sexually abused" and that "we cannot see how her comments can be viewed as vouching for [the victim]'s credibility." *Id.* (internal quotation marks omitted). Moreover, because the claim at issue was only reviewable for plain error, we concluded that the opinion that the victim was sexually abused, "although based in part on [the victim]'s allegations of abuse, *does not facially establish clear error*." *Id.* (emphasis added) (internal quotation marks omitted).

Here, the witness testimony identified and challenged by Defendant involves only opinions that Victim's PTSD resulted from sexual assault. Per *Wadlow*, such opinions do not rise to the level of "vouching for [Victim]'s credibility." *Id.* Defendant, therefore, has failed to make the requisite facial showing necessary for this Court to engage in plain error review. *See Brandolese*, 601 S.W.3d at 525-26; *Wadlow*, 370 S.W.3d at 322.

The circuit court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS